CASTRO, APPELLANT, v. THE REGISTRAR OF HUMACAO,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Deny-
ing Admission to Record of a Possessory Title.

No. 251.—Decided November 10, 1915.

POSSESSORY TITLE—EXEMPTION FROM TAXATION—VALUE OF PROPERTY—CERTIFI-
CATE OF TREASURER.—The mere statement in a petition to establish a posses-
sory title that the property is exempt from the payment of taxes or has not
been assessed because it is worth less than $100 is insufficient to prove its
actual value or that it had not been assessed. A certificate to that effect
from the Treasurer of Porto Rico is required.

The facts are stated in the opinion.
Mr. Arturo Aponte, Jr., for the appellant.
Mr. Raúl Benedicto, the registrar, appeared pro se.
MR. JUSTICE WOLF delivered the opinion of the court.

Eugenia Castro obtained a certificate of a possessory title
in the Municipal Court of Humacao. The original petition
to the municipal court set up that she had bought the prop-
erty of Manuel Santiago and that the said property was worth
$50, wherefore she did not present with the petition a cer-
tificate of the payment of taxes. The *fiscal* of the district
court certified to the correctness of the proceedings and the
certificate of the municipal court was issued. When such
certificate was presented to the Registrar of Humacao the
latter refused the record because the possessory certificate
was not accompanied by a certificate to show the payment
of taxes or in default thereof that appellant had not paid
such taxes because the property had no taxable value.

A great part of the argument of the appellant assumes
that it was shown that the property was worth less than the
lowest sum for which taxes are collected. The petition does
set up that the property is worth $50 and if the property
were worth no more it is clear that it would not be taxable.
But the mere statement in the petition was insufficient to
prove the actual value of the property or that it had not been

assessed and taxed by the Treasury. The appellant could have obtained a certificate from the Treasury to the effect that the property had not been assessed. Perhaps the Treasurer on request would also certify that the property had not been taxed because it was worth less than $100. Be that as it may, it was incumbent upon the petitioner to show that the property had no taxable value. The registrar may or may not be right in saying that the necessity for the Treasurer's certificate is to show in whose name the property appears, but the positive requirements of the law justify the registrar's position and his note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.